Good morning, Your Honors. My name is Edward M. Ober. I'm the attorney for the appellant Joseph Panozzo. With the court's permission, I'd like to reserve two minutes for rebuttal. Maybe you'll have to help keep track of your own time because that's the total. I will, Judge. Thank you. On March 4, 2003, the Ninth Circuit decided the merits of this appeal. At that time, it concluded that the Administrative Law Judge of the Social Security Administration committed a significant error of law in assessing the credibility of Mr. Panozzo's testimony at the hearing. As the determination in that case, the Ninth Circuit did something that is unusual, or I shouldn't say unusual, but rare. It remanded this case for payment of benefits. As the court saw as an appeal from the Social Security Advisory Service, it says from 1995 through the present, in only 6% of federal court appeals from the Social Security Administration are cases reversed for payment of benefits. That's the remedy that this court provided in March of 2003. Okay, but your standard is going to have to be whether the government's position was substantially justified, right? That's right. So, I'm not finding the percentages really that helpful. Your Honor, I emphasize that point because this circuit has looked at a lot of cases where the issue is reasonableness. For instance, in the Alharbee case that was recently decided, the court said that it's the decidedly unusual case where we will find that there is substantial justification, even though it is ultimately determined that there is not substantial evidence and the agency determination is reversed. This is a different case than that. This is a case that didn't turn on substantial evidence. This is a case where the Ninth Circuit decided the merits and said there is an error of law that requires remand for payment of benefits. And I would ask the question, how can it be reasonable if the ultimate decision is that the administrative law judge committed a significant error of law? Well, I – you're kind of, you know, whenever you tell a judge that if they ever make an error of law here, I don't know, that's not something that I don't think any of us can sit here and tell you we've never made an error of law. Your Honor, but the question is whether the error of law was reasonable, and I would argue that in this case it was not. The district court denied the application for Equal Access to Justice Act attorneys' fees pretty much on three grounds. The first ground was that the agency and the district court found that the decision of the agency was substantially justified. Your Honor, I would – Your Honors, I would argue that that point really is of no consequence because if that were the law, we'd never have Equal Access to Justice Act attorneys' fees. Well, one thing, too, that I want you to address is I feel like you're bringing up arguments here for the first time that weren't before the district court, that there was a tax that you – that was argued before the district court and now we're developing new arguments here. Actually, Your Honor, all of the substantive arguments regarding the appeal from the agency determination were before the district court. Your side is to a point in the I would have to look, but the excerpts of the record do include – You came to argue the case this morning, and you know that's the point because two of us are in agreement that you're raising points that were not raised below, so you need to tell us. Where were we blind that you did? Let me ask, if I can ask for a clear question, or one that I can understand better, what exactly is the concern that is being – All right. What – did you present your argument that the to the district court in your motion for attorney's fees? I believe so, Your Honor. I will have to check the excerpts of record to make sure of that, but I believe we did, Your Honor. Well, I don't think you did. The question of law – I mean, if it's a question of law, I suppose that we can – as to whether or not it has to be justified and whole, we could look at it even if you didn't raise it. That's – I believe that the court found, and I quote – this is from the March 2005 – I'm sorry, March 2003 decision. This rejection of Pinozzo's – and it's talking about the agency determination. This rejection of Pinozzo's subjective pain testimony was not in accord with the legal standards for discrediting claimant testimony when there is no affirmative evidence of malingering. That's at the excerpt of record, page 263. Now, who decided – who decided the case that you're saying that the initial case? Your Honor, the initial case, it was an agency administrative logic. No, I mean the Ninth Circuit case in this. Who decided that? Your Honor, that was – it was a three-court panel with the majority being Judges Thomas and Clifton and the dissent from Judge Beeser. All right. Now, if you have a dissent from the judge? We did, Your Honor. All right. Now, so if – the government's obviously going to argue in that situation that one judge didn't agree with the majority. So how then can you turn around and say that the government's position was not substantially justified? Your Honor, that precise issue – They convinced one judge. That's correct. That precise issue has never been determined by the Ninth Circuit, although I will talk about the Why would we hold that? Your Honor – Why would we hold that a position is not substantially justified even if – Your Honor, I – Even if the Supreme Court decides at 5-4? Your Honor, I would urge this Court to look at the Lauer case in the Eighth Circuit. That court – it's the only court that I know of that has addressed this issue on – No, I'm not asking for a case. I'm just asking you to give me a reason why we would do that. Because the majority opinion, Your Honor, found that the administrative law judge committed a significant error of law, and in the Lauer case, the – the court found that that is the law of the case. But here's – No, but that would – then you're turning it into a question of a prevailing bargain, period. And you're not looking at whether the position is substantially justified. That doesn't – that isn't how the statute works. Your Honor, I understand that. The question is reasonableness, and I would argue that the majority opinion of this circuit found that the administrative law judge committed a significant error of law and remanded this case for payment of benefits, and that that's – Does it turn on whether they use an adjective? No, Your Honor. It turns on – it turns on the reasonableness standard, and I would argue that if the majority opinion of this circuit says that the decision is not supported by substantial – I'm sorry. If the majority opinion of this circuit says that the secretary committed a significant – significant error of law – Now, you are making it turn on the adjective, because – because people can disagree as to whether or not there was an error of law. I – I would – You can reasonably disagree. Your Honor, I would agree that people can reasonably disagree, but in this case, the determination of this circuit was that the secretary, the administrative law judge, committed a significant error of law. And I see that my – my time is approaching. I'd like to save the last two minutes for rebuttal. Thank you. May it please the Court. I'm Michelle Kelly, and I represent the Commissioner in the case of Pinozzo v. Barnhart. Miss Kelly, I don't think it makes a whole lot of difference, but arguments being made before us that – that weren't made before – arguments made on this – in this case that weren't made before the appeal – not by you, but by – by the other side? Your Honor, from what I gleaned from the brief, Pinozzo was arguing that, one, the Commissioner – the District Court abused – abused its discretion by relying in part on its prior District Court decision finding that the Commissioner's underlying administrative decision denying Pinozzo's application for Title II benefits under – under – under the Social Security Act was supported by substantial evidence, and also relying in part on Judge Beezer's dissent. That was, I believe, one argument. Another argument that I gleaned from the brief was that Pinozzo believed the District Court committed an error of law by focusing its consideration of the – of his motion for attorney's fees under the Equal Access to Justice Act on the narrow issue on which the – this Court remanded the case for payment of benefits. Also in that brief, I saw that he argued that the – the District Court did not consider other errors that Pinozzo had alleged that the Commissioner had made, one being that the Commissioner did not properly consider and weigh the medical  question before us now on this issue. Whether the District Court abused its discretion in denying Pinozzo's motion for attorney's fees under the Equal Access to Justice Act. Right. Your Honor, the Commissioner submits that the District Court did not abuse its discretion. So how is your – you have the burden of showing that your position was substantially justified, right? Yes, Your Honor. And so how is your position substantially justified? Your Honor, the District Court was permitted to consider its prior decision finding that the Commissioner's determination that Pinozzo wasn't – wasn't disabled under the substantial evidence test. It wasn't determinative or conclusive, but the District Court was entitled to consider it. Consider it. And I take it that we had four Article III judges look at this case? Yes, Your Honor. And two of them went one way and two of them went the other? Yes, Your Honor. So in accord with what the District Court did, we believe that that was – that was permissible. They did not abuse their discretion in doing that. Or the Court did not abuse its discretion in doing that. Number – number two, the District Court did what this Court expects it to do. It considered whether the narrow issue upon which this Court remanded the case was substantially justified and found that it was. While it appears to – the District Court judge did, aside from referencing its own decision, in October 2001 decision, affirming the Commissioner and aside from referencing Judge Beezer's dissent, also indicated that the Commissioner had been consistent in its positions before the courts and also that it had presented specific evidence with regard to Pinozzo's pain testimony, which was the issue that this Court remanded the case back on, Pinozzo's pain testimony. So, Your Honor, it's the Commissioner's position in that respect that the District Court did not abuse its discretion and it did exactly what it was supposed to do here. I think if there are no further questions, I will conclude. That concludes my argument, Your Honors. Thank you. Thank you. It was just argued that the – part of the District Court's rationale in finding that there was substantial justification was that Social Security was consistent in its positions. But if those positions are wrong, then that shouldn't – I think the judge relied on the District Court's opinion in the underlying action and Judge Beezer's dissent in concluding that the Commissioner's decision was substantially justified. Now, in an ultimate sense, this Court having, you know, what is it, we're not final because we're last or whatever, you know, how that saying goes. But anyway, they had to go back, yeah, and ended up saying you're wrong. But that – but being wrong and whether you're substantially justified are not one and the same. We have to look further. And I do definitely understand that distinction. But I would urge this Court first to look at the Lauer case in the Eighth Circuit because in that case, the Court – and it's the only Court that I know head-on – said that while we have extreme respect for the judge who dissented, we have to look at the majority opinion because that is what carries the day. And in that case, they found that even though there was a split in the panel, that the government's position was not substantially justified. It's the only case that I have found in any of the circuits that's right on point. The Free Speech Coalition case that I brought to the Court's attention with my Rule 28 letter is definitely distinguishable because it was so different. It was a novel case of constitutionality of the Child Pornography Protection Act where the district court, when it ruled, there were already four other circuits that found that the statute was constitutional. That's a very different type of case. This is a case really where the only circuit that has ruled on this issue is the majority opinion, really should carry the day. Counsel, if you were to really go through the cases, you'd find an awful lot of cases where they said this was a case among that reasonable minds could differ, that the district court reached an opinion, we disagreed, we can't say it was substantially – not substantially justified. Your Honor, I see that my time is up. If I may make one just – one last point. If this Court is going to come to the conclusion that a split panel lends support to the concept that the determination of the district court that there was substantial justification is correct, I would ask that this Court remand this case back to the district court so that it can look at the entire case as a whole. The district court only addressed that one issue, the credibility issue, that was the  Okay, thank you.
judges: Schroeder, Farris, Callahan